UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

BRIGETTE HOOD,

    Plaintiff,

v.

HANDI-FOIL CORP., et al.,

    Defendants.

Case No. 24-cv-02373-RS

**ORDER GRANTING MOTION TO DISMISS**

## I. INTRODUCTION

Plaintiff Brigette Hood brings this putative class action against three affiliated businesses, Handi-Foil Corporation, Jiffy-Foil Corporation, and Handi-Foil Aluminum Corporation (HAL) (collectively, "Defendants"). Handi-Foil and Jiffy-Foil market a variety of disposable aluminum products, including pans and containers, labeled "Made in the USA." Hood avers that Defendants deceptively label their pans because they derive from foreign-mined bauxite, a brownish rock used in the manufacturing of aluminum pans. The operative complaint consists of five claims for relief, brought under California law, including Consumer Legal Remedies Act (CLRA), Unfair Competition (UCL), and False Advertising Law (FAL). Hood also advances claims for breach of express and implied warranties and unjust enrichment. Defendants raise several grounds for dismissal. For the reasons set forth herein, the complaint is dismissed with leave to amend.

## II. BACKGROUND

Handi-Foil and Jiffy-Foil are based in Illinois and market a variety of disposable aluminum pans and containers sold at retail. They manufacture their products in facilities based in Illinois

and label the products "Made in the USA" at retail. HAL, while affiliated with the remaining two defendants, does not market aluminum products at retail, but markets other products to businesses.

Hood previously purchased several of Defendants' aluminum pans and containers in 2022 and brings the instant action on behalf of other California consumers who bought Defendants' aluminum products in the four years preceding the filing of the complaint. As a consumer of the Defendants' products, Hood avers that she suffered injury as a result of Defendants' misleading representations about the source of its product due to their "significant foreign bauxite content." In particular, she perceived Defendants' products, marketed as American-made, as more valuable than their foreign counterparts and was accordingly influenced to buy the products.

Accepting the facts in the complaint as true as is required on a motion under Rule 12(b)(6), bauxite is a brownish, rock-like, mixed mineral and the primary ingredient in aluminum. Almost all bauxite in the United States is imported, and of the less than 5% of bauxite in the United States derived from domestic bauxite mines, none is used to make aluminum consumer products. Hood claims that Defendants' aluminum pans and containers are "substantially made" from mined mineral bauxite as "there is no way to manufacture aluminum for consumer foil, bakeware, or grilling pans and liners except with bauxite." Compl. ¶ 23. Hood further contends that "foreign bauxite makes up a significant portion of Defendants' products by cost of production of the product and/or final composition of the product." Compl. § 34.

Defendants move to dismiss the complaint on several grounds: first, Hood has failed to show that its labels violate Section 17533.7 of the California Business and Professions Code (BPC), barring all her claims; HAL should be dismissed because no specific facts are plead as to that company; Hood lacks standing for injunctive relief since she has not expressed a future intention to buy Defendants' products in the future; her request for full-price restitution fails as a matter of law because she does not aver that the at-issue products she purchased are worthless and, finally, her equitable claims otherwise fail because she has an adequate remedy at law.

### III. LEGAL STANDARD

"In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). "Averments of fraud must be accompanied by 'the who, what, when, where, and how' of the misconduct charged." *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1107 (9th Cir. 2003) (citing to *Cooper v. Pickett*, 137 F.3d 616, 627 (9th Cir.1997)). "Rule 9(b) serves to protect professionals from the harm that comes from being subject to fraud charges." *Vess*, 317 F.3d at 1104 (internal quotation marks omitted). The "strictures of Rule 8" are applicable under Rule 9(b), including that a complaint must be "a short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 687 (2009); Fed. R. Civ. P. 8(a)(2).

A Rule 12(b)(6) motion to dismiss tests the sufficiency of the claims alleged in the complaint. Dismissal under Rule 12(b)(6) may be based on either the "lack of a cognizable legal theory" or on "the absence of sufficient facts alleged under a cognizable legal theory." *See Conservation Force v. Salazar*, 646 F.3d 1240, 1242 (9th Cir. 2011) (internal quotation marks and citation omitted). When evaluating such a motion, the court must accept all material allegations in the complaint as true and construe them in the light most favorable to the non-moving party. *In re Quality Sys., Inc. Sec. Litig.*, 865 F.3d 1130, 1140 (9th Cir. 2017). It must also "draw all reasonable inferences in favor of the nonmoving party." *Usher v. City of Los Angeles*, 828 F.2d 556, 561 (9th Cir. 1987).

## IV. DISCUSSION

### A. Section 17533.7

Section 17533.7 of the BPC makes it unlawful to advertise products as "Made in the U.S.A." or "Made in America" if the product or "any article, unit, or part thereof" has been "entirely or substantially" manufactured or produced outside of the United States. In 2016, acknowledging the evolving complexity of global trade, the California legislature created two safe harbors for manufacturers in Section 17533.7. Specifically, the provision now includes two thresholds below which a product may be labeled "Made in the U.S.A" lawfully while including (a) foreign inputs comprising no more than 5 percent of the final wholesale value of the

1  manufactured product or (b) foreign inputs comprising no more than 10 percent of the final
2  wholesale value of the manufactured product *and* the manufacturer can show that it cannot
3  produce nor obtain the foreign input from a domestic source. *See* Cal. Bus. & Prof. Code §
4  17533.7(c)(1).

5  Hood's "CLRA, FAL, and UCL causes of action are all grounded in fraud," so the
6  complaint "must satisfy the traditional plausibility standards of Rules 8(a) and 12(b)(6), as well as
7  the heightened pleading requirements of Rule 9(b)." *Davidson v. Kimberly-Clark Corp.*, 889 F.3d
8  956, 964 (9th Cir. 2018) (citing to *Vess*, 317 F.3d at 1103–04, which explains that even "[i]n cases
9  where fraud is not a necessary element of a claim, a plaintiff may choose nonetheless to allege in
10 the complaint that the defendant has engaged in fraudulent conduct," requiring the satisfaction of
11 Rule 9(b)'s heightened pleading standard); *see also Alaei v. Rockstar, Inc*., 224 F. Supp. 3d 992,
12 999-1000 (S.D. Cal. 2016). Rule 9(b) requires that a party plead "with particularity" any
13 allegations of "fraud or mistake." Fed R. Civ. P 9(b). The Ninth Circuit has required allegations of
14 fraud to plead the "who, what, when, where, and how" of the circumstances on which the claim is
15 predicated. *Cooper*, 137 F.3d at 627.

16 Hood does not deny that her complaint must satisfy Rule 9(b)'s heightened pleading
17 standard but maintains that her complaint satisfies it. In fact, Hood's complaint consists of no
18 factual averments to suggest that Defendants' products fall outside of Section 17533.7(c)(1)'s safe
19 harbors. Other than the limited domestic availability of bauxite for commercial products, Hood
20 offers no facts about the cost bauxite or price of Defendants' products, the process of
21 manufacturing aluminum foil pans, or from where the bauxite used in Defendants' products is
22 derived. What is more, she fails to present facts about the amount of bauxite comprising
23 Defendants' products (or even a sound basis for an estimation), insisting instead that she satisfies
24 the "what" element of Rule 9(b).

25 Even under Rule 8, the allegations in the complaint fail to cross over to the realm of
26 plausibility as it is bereft of specific facts on which relief can be granted. Specifically, Hood's
27 generalized averments that "parts of Defendants' products obtained from outside the United States

constitute more than 10 percent of the final wholesale value of the manufactured products" are insufficient and vague. Compl. ¶ 110. The complaint offers no basis to support the greather-than-10-percent claim, and her mere legal conclusions to this point do not constitute factual averments such that 9(b) is satisfied. A claim predicated on a Section 17533.7 violation warrants dismissal if it "merely restates the statutory language," as "'a formulaic recitation of the elements of a cause of action' is insufficient to survive a motion to dismiss" under even Rule 8. *Flodin v. Cent. Garden & Pet Co.*, 2022 WL 20299955, at *2 (N.D. Cal. Jan. 20, 2022) ("*Flodin I*") (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

Hood insists that, without the benefit of discovery, she is unable to provide more specific factual averments about the level of bauxite in Defendants' products. However, discovery is not the proper remedy for a deficient complaint based on a plaintiff's mere hope that liability will arise once discovery commences. 9(b)'s particularity requirement is intended to "prevent the filing of a complaint as a pretext for the discovery of unknown wrongs." *Neubronner v. Milken*, 6 F.3d 666, 671 (9th Cir. 1993). Complaints that offer no more factual averments than what Hood presents here are routinely dismissed for deficient pleadings. *See Flodin v. Central Garden & Pet Company* ("*Flodin II*"), No. 21-cv-01631-JST, 2023 WL 3607278 (N.D. Cal. Mar. 9, 2023); *Fitzpatrick v. Tyson Foods, Inc.*, 2016 WL 5395955, at *3 (E.D. Cal. Sept. 27, 2016), *aff'd*, 714 Fed. App'x 797 (9th Cir. 2018).

Hood's next argument fares no better: she contends that the motion to dismiss stage is the inappropriate juncture at which to consider whether Section 17533.7's safe harbors are met because their applicability is an "affirmative defense," the burden of which rests on Defendants. The ERISA and copyright cases Hood cites to in support of this proposition, however, are inapposite here. *See Gamino v. KPC Healthcare Holdings, Inc.*, 2021 WL 162643 (C.D. Cal. Jan. 15, 2021); *Nagy v. CEP Am., LLC*, 2024 WL 2808648 (N.D. Cal. May 30, 2024); *Rosen v. Terapeak, Inc.*, 2015 WL 12803136 (C.D. Cal. May 4, 2015). The safe harbor doctrine "precludes plaintiffs from bringing claims based on actions the Legislature permits." *Ebner v. Fresh, Inc.*, 838 F.3d 958, 963 (9th Cir. 2016) (internal citations omitted). Indeed, by amending Section 17533.7

"[t]he Legislature…took away the right of action against sellers whose products are made in the U.S.A. but comprised of ingredients sourced from outside of the U.S.A., up to a certain threshold." *Fitzpatrick*, 2016 WL 5395955 at *3. To advance her claims, Hood must plead with particularity facts giving rise to liability on the part of Defendants consistent with Section 17533.7—a burden she has not met.

All the claims advanced in Hood's complaint are predicated on the Defendants' "Made in U.S.A" label. Accordingly, since Section 17533.7 bars Hood's claims, "no state law claim will lie to the extent it arises out of the same conduct." *Flodin II*, 2023 WL 3607278 at *3 (quoting *Baum v. J-B Weld Co., LLC*, No. 19-cv-01718-EMC, 2020 WL 4923624, at *3 (N.D. Cal. Aug. 21, 2020)).

B.     HAL

Hood's complaint is dismissed as to HAL for the additional reason that she has offered no factual averments specific to HAL. While 9(b) is relaxed as to allegations made on information and belief where the plaintiff "can not be expected to have personal knowledge of the relevant facts, . . . this exception does not nullify Rule 9(b)." *Neubronner*, 6 F.3d at 672. Hood offers no averments that she purchased a product from HAL, received marketing from HAL, or there was any connection between HAL and the products she bought other than HAL's connection with the remaining defendants.

Hood's bare conclusory allegations are insufficient to salvage her claims as to HAL. In particular, she argues that HAL should not be dismissed because Defendants "are joined through the same corporate structure and act as agents and/or alter egos of each other." Opp. at 10. The alter ego doctrine is applicable when separate entities may be treated as the same and "(1) such a unity of interest and ownership exists that the personalities of the corporation and individual are no longer separate, and (2) an inequitable result will follow if the acts are treated as those of the corporation alone." *RRX Indus., Inc. v. Lab–Con, Inc.*, 772 F.2d 543, 545–46 (9th Cir. 1985).

"Conclusory allegations of 'alter ego' status are insufficient to state a claim. Rather, a plaintiff must allege specifically both of the elements of alter ego liability, as well as facts

supporting each." *Sandoval v. Ali*, 34 F. Supp. 3d 1031, 1040 (N.D. Cal. 2014) (internal citations omitted). Other than labeling the three companies "affiliated businesses," Hood provides no averments in support of her alter ego theory or that she was injured by HAL's conduct.[1]

### V. CONCLUSION

Hood's complaint is dismissed with leave to amend because, as currently plead, Section 17533.7 on its face bars all her claims. Her claims as to HAL are dismissed for the additional reason that she has plead no specific averments as to that defendant. Any amendment must be filed within 30 days of the filing of this order.

**IT IS SO ORDERED**.

Dated: August 29, 2024

_____
RICHARD SEEBORG
Chief United States District Judge

---

[1] Defendants' remaining grounds for dismissal, including that Hood has no standing for injunctive relief, her equitable claim fails because she has plead an adequate remedy at law, and she is not entitled to restitution, do not defeat Hood's claims at this stage.